IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>COLLIN HAWKINS. | Crim. Action No. CCB-06-0583<br>Civil Action No. CCB-20-1788 |

## MEMORANDUM

Now pending in this motion to vacate under 28 U.S.C. § 2255 is the claim by inmate Collin Hawkins that he was improperly convicted in February 2008 of one count of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). Mot. to Vacate, ECF 135, *as supplemented*, ECF 136, *and amended*, ECF 138.[1] The government has opposed the motion. Opp'n to Mot. to Vacate, ECF 145.

Hawkins claims that his conviction under Section 922(g) is invalid after the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because (1) the indictment did not allege that Hawkins knew of his prohibited status; (2) the government failed to provide evidence at trial showing Hawkins knew of his prohibited status; and (3) the jury was not instructed that the government had to prove Hawkins knew his status as a convicted felon, *i.e.*, that he knew he had previously been convicted of a crime punishable by more than a year in prison. This argument is procedurally defaulted, however, because it was not raised on direct appeal, and in any event the Court's subsequent decision in *Greer v. United States*, 593 U.S. 503 (2021), would be fatal to Hawkins's claim.

---

[1] Hawkins initially was convicted of several related counts, but after an appeal to the Fourth Circuit resulted in two counts being overturned and after Hawkins received a subsequent conviction for participating in a prison riot, the government elected not to retry the other counts.

A claim that could have been but was not raised on direct appeal ordinarily is procedurally defaulted, unless the petitioner can show cause and prejudice or actual innocence. *United States v. Fugit*, 703 F.3d 248, 253-54 (4th Cir. 2012) (quoting *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

Hawkins has shown nothing sufficient to overcome the procedural default bar or to show that his *Rehaif* claims would survive harmless error review. Hawkins stipulated to his status as a person who had been convicted of a crime punishable by more than a year in prison. Trial Tr. vol. 1 at 11:2-10; 16:9-23, 19:13-22, ECF 52; Trial Tr. vol. 3 at 14:1-9, 65:24-66:4, ECF 54. Further it is clear from the criminal history in the Presentence Report, *see* Presentence Report ¶ 29, ECF 145-1, and the requirement under Maryland law for the defendant to be informed of the maximum penalties for the crimes he was charged with, *see Bryant v. State*, 47 Md. App. 551, 555-56 (1981), that the government could have proved Hawkins's knowledge of his status. Nor did Hawkins proffer any evidence to show a reasonable probability that, had the jury been correctly instructed, he would have been acquitted. *See Greer*, 539 U.S. at 508.

For these reasons, Hawkins's motion to vacate, as supplemented and amended, will be denied.

A separate Order follows.

 3/15/2024  
Date

/s/  
Catherine C. Blake  
United States District Judge